

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2992
Re: Will the provisions of House
Bill No. 76 in any way affect
the amount of penalty to be
collected on property re-
assessed under the provisions
of Articles 7346 and 7347?

We are in receipt of your letter in which you re-
quest the opinion of this department on the facts set out
therein as follows:

"Articles 7346 and 7347, R. C. S., refer to
the cancellation of delinquent taxes and the re-
assessment of property in cases where the assess-
ments have been found to be invalid by the Com-
missioners and District Courts.

"In such cases the Tax Assessor-collector is-
sues certificates cancelling the taxes which appear
on the delinquent tax records after which the pro-
perty is reassessed and after the Commissioners
Court passes on the reassessments, the Tax Assessor
makes a supplement to his current tax roll charging
thereon the amount of taxes due on the property,
taking into consideration the tax rates levied for
the years for which the assessments are made, and
in addition to the amount of taxes charged against
the property, he makes a penalty charge equal to
interest at the rate of six per cent per annum,
making the calculation from the date the taxes
would have become delinquent had they been proper-
ly assessed, to the date the taxes are reassessed.

"Article 7348 provides for the collection of
additional interest if the taxes are not immediately
paid. Due to the fact that the reassessments are

placed on a supplement to the current tax roll and
the taxes, if not paid immediately, are not re-
ported on the delinquent tax roll until the end
of the fiscal year, you will please advise this
department whether or not the provisions of House
Bill No. 76, Acts of the Regular Session of the
Forty-seventh Legislature, will in any way affect
the amount of penalty to be collected on property
reassessed under the provisions of Articles 7346
and 7347."

House Bill No. 76 provides in part as follows:

"Section 1.  That all interest and penalties
that have accrued on all ad valorem and poll taxes
that were delinquent on or before July 1, 1940, due
the State, any county, common school district, road
district, levee improvement district, water im-
provement district, and water control and improve-
ment district, irrigation district, and other
defined subdivisions of the State (and, subject
to the provisions hereinbefore and hereinafter con-
tained, such interest and penalties on delinquent
ad valorem and poll taxes due cities, towns, and
villages, and special school districts, and in-
dependent school districts,) shall be and the same
are hereby released, provided said ad valorem and
poll taxes are paid on or before November 1, 1941.
. . . ."

As you will note from the reading of the above, in
order for House Bill No. 76 to affect the interest and penal-
ty on delinquent ad valorem taxes, it is necessary that the
same were delinquent on or before July 1, 1940.

In your question you inquire about property which
is being reassessed for taxes during the current year, under
the provisions of Article 7347, which reads in part as follows:

"When said list has been so made up the com-
missioners court may, at any meeting, order a can-
cellation of such properties in said list that are
shown to have been previously assessed, but which
assessments are found to be invalid and have not
been canceled by any former order of the commis-
sioners court, or by decree of any district court;

and shall then refer such list of properties to be assessed or re-assessed to the tax assessor who shall proceed at once to make an assessment of all said properties, from the date given by said list (the certificate of the Comptroller as to assessments or re-assessments made by the tax assessor shall not be necessary as required under Article 7207, but he shall furnish all blank forms needed, that uniformity may be had in all counties), and when completed shall submit the same to the commissioners court, who shall pass upon the valuations fixed by him; and, when approved as to the values, shall cause the taxes to be computed and extended at the tax rate in effect for each separate year mentioned in said list; and, in addition thereto, shall cause to be added a penalty equal in amount to what would be six per cent interest to the date of making said list from the date such properties would have been delinquent had same been properly rendered by the owner thereof at the time and for the years stated in said list; . . . ."

Article 7348 provides as follows:

"The said list, when complete in all respects, and filed with the tax collector, shall constitute a valid lien against all the properties mentioned in said list for the full amount of taxes, penalties, officers costs, advertising and six per cent interest from the date of said list to the date of the payment of the full sum due on each separate piece of property. A copy of said list and all cancellation orders shall be furnished to the Comptroller, and a copy filed with the county clerk. Id."

In Opinion No. 0-2083, this department considered the question of the effect of the statute of limitations upon taxes which had been reassessed under the authority of Articles 7346 and 7347. In said opinion we ruled that the statute of limitation begins to run only from the date of reassessment and not from the date of the original assessment which was declared void. In line with the above holding it is our opinion that when, at the present time, taxes are reassessed against a particular piece of property because the same was either

Honorable George H. Sheppard, Page 4


omitted from the tax roll originally or the original assess-
ment against said property was void, the same are not taxes
which were delinquent prior to July 1, 1940. If such re-
assessment occurred prior to July 1, 1940, it is our opinion
that House Bill No. 76, supra, would apply to such taxes be-
cause said House Bill No. 76 applies to all ad valorem taxes
that were delinquent prior to July 1, 1940. However, in cases
where the property was reassessed for taxes during the year
1941, the taxes so assessed are not in our opinion taxes that
were delinquent before July 1, 1940, so as to be affected by
House Bill No. 76, supra.

We trust that the foregoing fully answers your in-
quiry in the matter.

APPROVED JUL 18, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Assistant

BG:mp


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN